**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **EBONY FLAKE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )    **CIVIL ACTION NO. 25-00331-JB-B** |
| | ) |
| **SELMA TO MONTGOMERY 50TH** | ) |
| **ANNIVERSARY COMMEMORATION** | ) |
| **FOUNDATION, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This action is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 15), Plaintiff's Response (Doc. 17), and Defendant's reply (Doc. 18).   A motion hearing was held on April 29, 2026, with counsel for both parties present.  After careful consideration of the relevant filings and arguments and for the reasons dictated herein below, Defendant's motion is **Granted.**

### I.   BACKGROUND

This case arises from a contract dispute over the production of a five-episode podcast series commemorating the Selma to Montgomery March between Defendant, Selma to Montgomery 50TH Anniversary Commemoration Foundation, Inc. (the "Foundation") and Plaintiff, Ebony Flake ("Flake").  Procedurally significant, prior to the filing of this action by Flake, the Foundation filed a breach of contract action in state court against Flake.  Thereafter, in a single day, Flake removed the state court action to this court, filed an Answer and Counterclaim to the removed state court action in this Court, and filed a new action in this Court mirroring the

counterclaims in the removed action. (*See* Dkt. in 25-cv-00332-JB-B). Jurisdiction in both actions was predicated on the requirements of diversity jurisdiction under 28 U.S.C. § 1332(a) being satisfied. On January 12, 2026, this Court held a hearing on the Foundation's motion to remand in the removed action and the pending motion to dismiss in this action. Ultimately, the Court determined Plaintiff failed to establish diversity jurisdiction based on the amount in controversy in the removed action and that action was remanded to state court. This Court then allowed Plaintiff an opportunity to supplement the record in this action to establish diversity jurisdiction based on domicile. Supplementation has occurred and the Motion to Dismiss is now ripe for review.

## II.      STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a court must dismiss an action if it lacks subject matter jurisdiction. The party invoking federal jurisdiction bears the burden of establishing jurisdiction by a preponderance of the evidence. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). For diversity jurisdiction under 28 U.S.C. § 1332(a), the party must establish two elements: (1) complete diversity of citizenship between the parties, and (2) an amount in controversy exceeding $75,000.

For purpose of determining diversity, a person's "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. *McCormick v. Aderholt,* 293 F.3d 1254, 1257(11th Cir. 2002) (citation omitted). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom....'". *Id*. at 1557-58. (citations omitted).

### III.    ANALYSIS

Here, the Foundation argues diversity jurisdiction is lacking because Plaintiff has not established the amount in controversy exceeds $75,000 or that complete diversity of citizenship exists.  With respect to citizenship, Defendant argues that Plaintiff has not established she is domiciled in Texas.  This Court agrees.

The record evidence relating to Plaintiff's citizenship is set forth in the relevant filings before the Court and will not be repeated in great detail herein.  Essentially, Plaintiff's Complaint indicates her home is in Texas at her father's home.  Conversely, the Foundation, submitted objective evidence that Plaintiff was a citizen of Alabama.  When the competing information was argued before this Court in January, the Court voiced its concerns relating to Plaintiff's citizenship and the Court's jurisdiction.  Rather than dismissal, however, Plaintiff was given additional time to supplement the record with evidence that she was domiciled in Texas.

In response, Plaintiff submitted a declaration indicating her "home address" is where her parents live (in Texas) and a copy of her Texas Driver's License which listed her residence at an address which was not her father's house.  (Doc. 22).  Plaintiff also submitted the declaration of her father, Donald Flake, stating that Flake's home address is his home address (in Texas).  The declaration also states that Flake travels extensively for work.  (*Id*.).  The Court finds the declarations generally support that Flake spends considerable time at her father's residence but also notes Flake's driver's license fails to support Plaintiff's position. No evidence of billing records, voter registration, club memberships, etc. were submitted.  As a result, this Court remained unsatisfied as to Plaintiff's domicile in light of the previously submitted objective evidence submitted by the Foundation.

At a second hearing on April 29, 2026, Plaintiff was ultimately sworn under oath and testified as to her citizenship.   Essentially, Plaintiff owns a condo in Virginia and has lived in numerous states over the past fifteen years, including Alabama and Texas.  According to Plaintiff, she lives in Texas about 50% of the year.  She also stays with her mother in Alabama when her mother needs assistance and during holidays.  Finally, she has spent approximately five months of the past year (and some other amount of time in previous years) with her partner in Mexico.

Dismissal is warranted in this action.  First, Plaintiff's Complaint did not sufficiently establish diversity among the parties. Moreover, when given an additional opportunity, Plaintiff failed to submit compelling evidence of her domicile to the Court.  Finally, Plaintiff's sworn testimony at the hearing does not convince this Court diversity exist as it suggests that Plaintiff may reside in multiple locations, including Alabama for lengthy periods of time in any given year. Accordingly, Plaintiff has not established complete diversity or Texas citizenship, and dismissal is warranted.[1]

**IV. CONCLUSION**

After careful consideration of the relevant filings and arguments and for the reasons dictated herein below, Defendant's motion is **Granted.**

**DONE and ORDERED** this 5th day of May, 2026.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that even if diversity existed defeating dismissal, at best, this action would most surely be stayed pending the resolution of the first filed state court action involving identical claims between the parties.

4